# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE RAY ROBINSON, | CV F   05-1305 LJO SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MR. HICKMAN, et.al., | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## BACKGROUND[2]

On November 19, 2005, Petitioner was placed on parole under the lawful supervision of the California Department of Corrections and Rehabilitation (CDCR), following his conviction in 1998, in the Sacramento County Superior Court, for possession of cocaine for sale, possession of a firearm by an ex-felon, and multiple sentencing enhancements. (Exh. 1, Abstract of Judgment; Exh. 2, Chronological History.)

The instant petition does not challenge the validity of Petitioner's underlying conviction.

---

[1] As Respondent submits, the petition names Jeanne Woodford and Derral Adams as the respondents. However, because Petitioner was released on parole on November 19, 2005, Mr. Hickman is the proper Respondent as Petitioner was released on parole. Rules Governing § 2254 Cases, Rule 2(a); see Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894-895 (9th Cir. 1996).

[2] This information is derived from the petition for writ of habeas corpus and Respondent's answer.

Rather, Petitioner challenges a disciplinary action taken against him in 2004, for inciting a hunger strike while he was incarcerated at the California Substance Abuse Treatment Facility (SATF). Petitioner claims that he did not receive due process as required by <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974) and California case law, statutes and regulations. Specifically, Petitioner contends that he was denied the right to have a witness present at his hearing; evidence relied upon to discipline him was not properly disclosed; confidential information relied upon should have been reviewed in camera; and the 30-days of credits he lost should be restored.

On April 2, 2004, prison staff at SATF's Facility C concluded their investigation into a hunger strike that occurred on February 27, 2004. The hunger strike involved over 100 African American inmates housed on Facility C, Yard 1 and disrupted the normal program of the institution for four days. The Rules Violation Report (RVR) against Petitioner was written by Correctional Officer E. Tripp (Reporting Employee) on April 13, 2004. The RVR was issued against Petitioner because staff received information that he was one of the inmates who had organized the hunger strike. A confidential memorandum, dated February 29, 2004, was cited, which indicated that Petitioner was pushing the hunger strike in his building and had said that the African American inmates "were going to stay strong." Another confidential CDC 128B, dated March 22, 2004, was cited, which documented Petitioner's admission that he actively participated in the hunger strike to provide support to the African American Inmates in Facility C. (Exh. 3, at 000001-2.)

Petitioner was given a copy of the RVR on April 16 2004, and on April 27, 2004, he was given a copy of the Crime Incident Report. He was also given two Confidential Information Disclosure Forms (CDC 1030s). (Exh. 3, at 0001; Exh 4, CDC 1030; Exh. 5, CDC 1030.)

The disciplinary hearing was held on May 14, 2004, by the senior hearing officer, D. Beeler. Petitioner requested both Officer E. Tripp, the reporting employee, and Officer K. Curtiss, the author of the confidential memorandum dated February 29, 2004, as witnesses. Officer Tripp testified at the hearing. However, the senior hearing officer denied Robinson's request to have Officer Curtiss testify, finding that his presence was not necessary because the only information he could have provided was contained in the confidential information and

Robinson had received copies of the documentation and statements being used as evidence against him without revealing the confidential sources. (Exh. 3, at 00001, 00003.)

After considering all the evidence, the senior hearing officer found Petitioner guilty, and he was assessed a thirty-day credit loss. (Exh. 3, at 00004.)

Petitioner filed an administrative appeal challenging the disciplinary action and seeking restoration of the credits. The appeal was denied on all grounds. (Exh. 6, Administrative Appeal and Decision.)

Petitioner then filed a state habeas corpus petitions in the Kings County Superior Court, the California Court of Appeal, Fifth Appellate District, and California Supreme Court challenging the disciplinary action, all of which were denied. (Exhs. 7 & 8.)

Petitioner filed the instant federal petition for writ of habeas corpus on October 17, 2005. Respondent filed an answer to the petition on January 30, 2006. Petitioner did not file a traverse.

**DISCUSSION**

A.    Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at California Substance Abuse Treatment Facility, in Corcoran, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

B.    Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

1    Petitioner is in custody of the California Department of Corrections pursuant to a state
2 court judgment. Even though Petitioner is not challenging the underlying state court conviction,
3 28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the
4 threshold requirement of being in custody pursuant to a state court judgment. Sass v. California
5 Board of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *citing* White v. Lambert, 370
6 F.3d 1002, 1006 (9th Cir.2004) ("Section 2254 'is the exclusive vehicle for a habeas petition by a
7 state prisoner in custody pursuant to a state court judgment, even when the petition is not
8 challenging his underlying state court conviction.'").

9    The AEDPA altered the standard of review that a federal habeas court must apply with
10 respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.
11 Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus
12 will not be granted unless the adjudication of the claim "resulted in a decision that was contrary
13 to, or involved an unreasonable application of, clearly established Federal law, as determined by
14 the Supreme Court of the United States;" or "resulted in a decision that was based on an
15 unreasonable determination of the facts in light of the evidence presented in the State Court
16 proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade,123 S.Ct.1166 (2003) (disapproving of
17 the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v.
18 Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply
19 because that court concludes in its independent judgment that the relevant state-court decision
20 applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations
21 omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

22    While habeas corpus relief is an important instrument to assure that individuals are
23 constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392
24 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a
25 criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v.
26 Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's
27 factual determinations must be presumed correct, and the federal court must accept all factual
28 findings made by the state court unless the petitioner can rebut "the presumption of correctness

4

by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

Because the California Supreme Court's opinion is summary in nature, however, this Court "looks through" that decision and presumes it adopted the reasoning of the Kings County Superior Court, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

C.    Review of Petition

In this case, Petitioner claims that constitutional violations occurred in the disciplinary hearing process. Specifically, Petitioner contends that he was denied the right to have a witness present at his hearing; evidence relied upon to discipline him was not properly disclosed; confidential information relied upon should have been reviewed in camera; and the 30-days of credits he lost should be restored.

Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the

---

disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927). The Supreme Court has held that "ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56. The Ninth Circuit has further held that there must be "some indicia of reliability of the information that forms the basis for prison disciplinary actions." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (uncorroborated hearsay statement of confidential informant with no firsthand knowledge is not enough evidence to meet Hill standard.)

Petitioner contends that his due process rights were violated by the denial of his request to call Sergeant Curtiss as a witness. Sergeant Curtiss is the author of one of the confidential documents relied upon at the disciplinary action. Petitioner received copies of all the relevant documentation being used as evidence again him, including CDC 1030s identifying as much of the confidential information as possible without compromising the confidential sources. Under CCR, Title 15, Section 3315(e)(1)(B)&(C), a request to call a witness can be denied if the hearing officer determines that the witness had no relevant/additional information and/or the witness was unavailable. An inmate is given a CDC 1030 when confidential information is being used against him. The senior hearing officer denied Petitioner's request to have Officer Curtiss testify, finding that his presence was not necessary because the only information he could have provided was contained in the confidential information and Petitioner had already received copies of the documentation and statements being used as evidence against him without revealing the confidential sources. (Exh. 3, at 00001, 00003.) Moreover, the investigative employee had questioned Sergeant Curtis, as requested by Petitioner. (Exh. 3, at 00005-6.) Thus, Sergeant Curtiss' testimony would have been repetitive of the information Petitioner already had. Bostic, 84 F.2d at 1271-72. Thus, Petitioner's due process right were not violated, and the state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly

1 | established Supreme Court precedent.

2 | Petitioner next claims that his due process rights were violated when the senior hearing
3 | officer relied on the confidential information to find him guilty.  The CDC 1030 sets forth the
4 | basis for the information's reliability and discloses as much information as possible without
5 | jeopardizing the identity of the source.  See Cal. Code Regs. tit. 15, § 3321(b)(3).  As
6 | Respondent correctly argues, the hearing officer independently evaluated the reliability of the
7 | confidential information and determined that the institutional safety and security required
8 | maintenance of confidentiality.  (Exh. 3, at 00004.)  A disciplinary decision based on the
9 | statement of an unidentified inmate informant satisfies due process if "(1) the record contains
10 | some factual information from which the committee can reasonably conclude that the
11 | information was reliable, and (2) the record contains a prison official's affirmative statement that
12 | safety considerations prevent the disclosure of the informant's name."  Zimmerlee v. Keeney,
13 | 831 F.2d 183, 186 (9th Cir. 1987) (per curiam).  As just stated, the disciplinary hearing officer
14 | conducted an independent review of the confidential material and found it reliable.  (Exh. 3, at
15 | 00004.)  There was an affirmative statement that the confidential informants' information was
16 | corroborated.  In addition, the hearing officer found that the name of the informants needed to be
17 | withheld for safety reasons.  (Id.)  Thus, the use of the confidential information did not violate
18 | Petitioner's due process rights.

19 | Finally, Petitioner was given a copy of the RVR, and on April 27, 2004, he was given a
20 | copy of the Crime Incident Report.  Petitioner was also given two Confidential Information
21 | Disclosure Forms.  (Exh. 3, at 00001; Exh. 4, CDC 1030; Exh. 5, CDC 1030).  Thus, Petitioner
22 | was given advance written notice of the charges against him. Petitioner had an opportunity to
23 | offer a defense, with the assistance of an investigative employee, and he was given a written
24 | explanation of the evidence relied upon to find him guilty.  (*See* Exh. 3.)  In addition, the written
25 | decision finding Petitioner guilty is supported by "some evidence."  Hill, 472 U.S. at 447.  Thus,
26 | the hearing officer properly concluded that Petitioner had participated in and promoted the
27 | hunger strike.  Accordingly, the state courts' determination of this issue was not contrary to, or
28 | an unreasonable application of, clearly established Supreme Court precedent.

Petitioner's claims that the disciplinary proceedings were not in compliance with various provisions of the California Penal Code and the California Code of Regulations, are not cognizable. (See. e.g., Petition, at 22.) As Respondent correctly argues, these claims are not cognizable because they involve only questions of state law, which are not cognizable in a section 2254 petition. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (it is not the province of federal habeas court to reexamine state-court determinations of state law questions). Although Petitioner attempts to phrase his claims as a "due process" violation, mere conclusory allegations of violations of federal rights without specifics do not provide a basis for habeas corpus relief. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995); Schlette v. California, 284 F.2d 827, 833-34 (9th Cir. 1960). Errors of state law cannot be repackaged as federal errors simply by citing the due process clause. Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999). Thus, Petitioner's remaining claims are likewise without merit.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DENIED; and

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

////////////////////////

1  IT IS SO ORDERED.

2  **Dated:**   **June 28, 2007**                    /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE